(No. 13533.—Judgment affirmed.)

C. A. GUSTAFSON *et al.* Appellees, *vs.* THE MICHIGAN CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1920—Rehearing denied Feb. 3, 1921.*

1. RAILROADS—*common carrier is not required to furnish tank cars.* A common carrier is not required to furnish tank cars to shippers.

2. SAME—*a shipper may resort to courts for damages for unreasonable detention of privately owned car.* The Interstate Commerce Commission, in fixing the rate to be paid for the use of privately owned cars, has not attempted to provide for compensation for loss or damages for the unreasonable detention of a car belonging to a shipper, and the latter may resort to the courts to recover such damages from the carrier.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding.

WINSTON, STRAWN & SHAW, (SILAS H. STRAWN, and FRANK H. TOWNER, of counsel,) for appellant.

ALDEN, LATHAM & YOUNG, (CHARLES MARTIN, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the municipal court of Chicago against appellant of $180 for damages to appellees resulting from the negligence of appellant in unreasonably delaying the return to appellees at Cushing, Oklahoma, of an empty tank car. Appellees were engaged in the oil business at Cushing and shipped a tank of oil in a tank car furnished by themselves to the Ford Motor Company at Detroit, Michigan. After the oil was delivered and the car was on its return trip it was delayed in Joliet, Illinois, a period of eighteen days. The action was brought for negligently delaying the car for said period, appellees claiming they were damaged to the extent of the rental value of the car, which was reasonably worth $10 per day. In a trial by jury a verdict was returned in appellees' favor for $180, upon which the court, after overruling motions for a new trial and in arrest of judgment, rendered judgment. The Appellate Court affirmed the judgment and granted a certificate of importance and an appeal to this court.

At the close of appellees' evidence, and again at the close of all the evidence, appellant moved the court to direct a verdict in its favor, which motions were overruled.

No question is here raised as to the correctness of the finding that appellant was guilty of the negligence charged or that appellees were damaged to the amount allowed if appellees were entitled to recover for negligence at common law. The only contention of appellant here is that the provisions of the tariffs, which were offered in evidence as defendant's Exhibit 2, are controlling, and in no event could a recovery be had in excess of the amount therein specified.

On the trial the appellant offered in evidence the official classification of appellant's freight tariffs, which were prop-

erly certified and filed with the Interstate Commerce Commission and were in force when the alleged injury occurred. Rule 29 of the official classification provides that the carrier does not assume any obligation to furnish tank cars; that when such cars are furnished by the shipper or owner, mileage at the rate of three-fourths of a cent per mile will be allowed for the use of such tank cars, loaded or empty, provided they are properly equipped. The court sustained the objection of appellees to this evidence and it was not received. Appellant also offered an instruction that the official classification and tariffs of appellant were valid and binding on appellees, and that in no event could there be a recovery in excess of three-fourths of a cent for each mile traveled by the car of appellees while upon appellant's rails. This instruction was refused, and the rulings of the court in refusing it and in refusing to admit in evidence appellant's Exhibit 2 present the questions raised on the record.

A common carrier is not required to furnish tank cars to shippers. (*United States* v. *Pennsylvania Railroad Co.* 242 U. S. 208.) Such cars, as a rule, are furnished by companies organized for that purpose, who sell or lease them to shippers. The car in question was leased to appellees. Appellant's position is, that under acts of Congress the Interstate Commerce Commission has sole jurisdiction over the amount of compensation to be paid by a carrier for the use of a privately owned car; that in this case three-quarters of a cent per mile has been determined by the Interstate Commerce Commission to be the amount that should be paid for the use of appellees' car and appellant has no authority to pay more. On these premises it is contended sole jurisdiction over the amount to be paid is in the Interstate Commerce Commission, and that if appellees are of opinion the classification and tariffs now in force do not afford sufficient protection against a loss occurring as in this case they must go to the commission for relief. It is appellant's theory that the claim of appellees

is for the use of their car, and that they cannot maintain an action in the courts for a breach of its common law duty but that compensation for use is under the exclusive control of the Interstate Commerce Commission. Counsel say in their brief: "Assuming that there was negligence of appellant's agents causing the delay to this car and a resulting damage to appellees, there is still no authority in law for the trial court's disregard of appellant's published tariff, which, while it does not specifically provide for a case of this kind, nor can it do so, does say exactly what will be paid by appellant in cases where a private owner's cars are used by it." The claim of appellees is admittedly not for anything which is or could be provided for in appellant's published tariffs. It would seem to necessarily follow that the claim is not for use of the car, for compensation for its use can be and is provided for in the tariffs. The damage sued for is not compensation for use of the car but for negligently allowing it to remain in Joliet for several days on the return trip, during which time the car was not in use by appellant. The compensation for use of cars provided for by the published tariffs is only for the use in moving the car, for the schedules provide only for a mileage basis. It would be impossible to compensate appellees for the negligent detention of their car in Joliet on a mileage basis, for during the time it was detained it was presumably not moved a mile, and counsel say in their brief appellant has paid appellees the three-fourths of a cent per mile for every mile the car traveled on its return movement. The Interstate Commerce Commission had no authority under the acts of Congress to make any provision, in establishing and approving tariffs, for compensation for such loss or damage as is here claimed, and it did not attempt to do so. Either appellees had their right of action in the courts to recover of appellant or they were without any remedy. It certainly cannot be the law that a carrier may negligently keep and detain, without using it in hauling, a

car belonging to and furnished by the shipper for a month, for six months, or even longer, causing thereby substantial damage to the owner, without incurring any liability to the owner of the car. The Interstate Commerce Commission has correctly held that its jurisdiction over claims for reparation does not extend to claims arising from loss, damage or delay in transit; that such claims are cognizable in the courts. *Atlas Portland Cement Co.* v. *Lehigh Railroad Co.* 32 I. C. C. 487; *Blume* v. *Wells Fargo & Co.* 15 id. 53.

It appears from the briefs of counsel that the question here involved has not heretofore been decided by any Federal or State court. Reference is made to the report of a master in chancery in *Guaranty Trust Co. of New York* v. *Missouri Pacific Railway Co.* then pending in the United States district court for the eastern district of Missouri, that the only compensation the owner of a private car is entitled to receive is that provided in the tariff, and the judgment of the district court was affirmed, on appeal, by Judge Hook without an opinion. It is by no means clear whether the claim was for damages for a per diem allowance in lieu of tariff mileage allowance where the car was moved otherwise than in accordance with the owner's instructions or whether it was for unreasonably detaining the car. We are of opinion that the principles announced in *Pennsylvania Railroad Co.* v. *Puritan Coal Mining Co.* 237 U. S. 121, and *Galveston, Harrisburg and San Antonio Railway Co.* v. *Wallace,* 223 id. 481, are applicable here. Much more might be said by way of argument and illustration, but we believe it could serve no purpose to further extend this opinion.

It follows from what we have said that in our opinion the trial court did not err in refusing to admit appellant's Exhibit 2 in evidence, nor in refusing to direct a verdict, nor in refusing appellant's instruction above referred to.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*