STANLEY C. PEUCHEN, Respondent, *v.* JAMES C. DAVIS, as Director-General and Agent, Appellant.

Fourth Department, March 7, 1923.

**Railroads — action by owner of tank car to recover damages for injury thereto — State courts have jurisdiction under Interstate Commerce Act, § 22 — Interstate Commerce Commission does not have jurisdiction under Interstate Commerce Act, § 1 — damages not limited by Interstate Tariff, Official Classification No. 44, rule 29, § 1.**

Jurisdiction to award damages to the owner of a tank car, which was injured through the negligence of the railroad, does not rest in the Interstate Commerce Commission under section 1 of the Interstate Commerce Act, but the State courts have jurisdiction, under section 22 of the Interstate Commerce Act, and the damages that may be awarded are not limited by Interstate Tariff, Official Classification No. 44, rule 29, section 1, which fixes the defendant's liability for the use of the car but not for a negligent injury thereto.

APPEAL by the defendant, James C. Davis, from a judgment of the County Court of the county of Niagara, entered in the office of the clerk of said county on the 26th day of January, 1922, affirming a judgment of the City Court of North Tonawanda in favor of the plaintiff, and also from the order pursuant to which said judgment was entered.

*Moot, Sprague, Brownell & Marcy* [*Philip J. Snyder* of counsel], for the appellant.

*Norman D. Fish,* for the respondent.

HUBBS, P. J.:

The plaintiff, on December 16, 1919, delivered to the defendant a loaded tank car for transportation under the usual bill of lading. On December twentieth, through the negligence of the defendant, the car was injured in a collision to such an extent that it could not be used. The defendant caused the car to be repaired and returned it to the plaintiff on April 19, 1920. It was not used to transport the load which it contained when it was delivered to the defendant. The plaintiff furnished another car for that purpose after the injury to the car in question. It was returned direct to the plaintiff from the defendant's repair shop.

This action was brought by the plaintiff to recover the damages caused by the negligence of the defendant. It is conceded that the plaintiff was damaged to the amount recovered. No question is made about the measure of damages adopted by the trial court. There is no question but what the car was being used in interstate commerce.

The defense is based wholly upon the contention that the trial court did not have jurisdiction to try the action because the relations of the parties were controlled by Interstate Tariff, Official Classification No. 44, on file with the Interstate Commerce Commission, and in force at the time in question. Section 1 of rule 29 of said classification No. 44 reads as follows: " In providing ratings in this classification for articles in tank cars, the carriers whose tariffs are governed by this classification do not assume any obligation to furnish tank cars. When tank cars are furnished by shippers or owners, mileage at the rate of three-quarters ($\frac{3}{4}$) of one cent per mile will be allowed for the use of such tank cars, loaded or empty, provided the cars are properly equipped. No mileage will be allowed on cars switched at terminals nor for movement of cars under empty freight car tariffs."

Section 1 of the Interstate Commerce Act, as amended on May 29, 1917, reads as follows: " The Commission shall, after hearing, on a complaint or upon its own initiative without complaint, establish reasonable rules, regulations, and practices with respect to car service, including the classification of cars, compensation to be paid for the use of any car not owned by any such common carrier and the penalties or other sanctions for nonobservance of such rules." (24 U. S. Stat. at Large, 379, § 1, as amd. by 40 id. 101, chap. 23, approved May 29, 1917. See Transportation Act, 1920 [41 U. S. Stat. at Large, 476], § 402, amdg. Interstate Commerce Act, § 1, subd. 14, approved February 28, 1920.)

It is contended by the appellant that those provisions limit the amount which the plaintiff is entitled to recover to three-quarters of one cent per mile for the use of said car; also that jurisdiction to award damages rests in the Interstate Commerce Commission alone and that a court of law has no jurisdiction to award damages until the Commission has made an award. I am unable to agree with such contention.

It is doubtless true that the provisions in question govern the amount of compensation which a carrier may lawfully pay for the use of a tank car furnished by the shipper and not owned by the carrier. If the car in question had not been negligently injured but had been used to transport its contents, the only amount which the carrier could have paid or allowed for such use would have been the amount named in the rule, three-quarters of one cent per mile. The purpose of the rule is clear. It is to prevent discrimination and the favoring of one shipper over another. Wherever the question of the rate to be charged on an interstate shipment is in question, the tariff rate for the shipment must control. The carrier and the shipper must both abide by the

tariff rate and both are presumed to know it and to have entered into the contract of shipment with such knowledge. The tariff has the effect of a statute. (*Pennsylvania R. R. Co.* v. *International Coal Co.*, 230 U. S. 184.)

The question involved here is not a question of rates, however. The question is whether the defendant is liable in an action at law for a negligent injury to the car. The rule in question fixes the defendant's liability for the use of the car but does not purport to fix its liability for a negligent injury to the car. This action does not involve an attack upon the rule or method of the carrier in the use or distribution of cars, or a construction of the rule fixing the charge for the use of a privately owned tank car. The question involved here is entirely outside of the jurisdiction of the Interstate Commerce Commission. Its jurisdiction does not extend to a claim for damages growing out of a carrier's negligence. (*Atlas Portland Cement Co.* v. *Lehigh Valley R. R. Co.*, 32 I. C. C. Rep. 487; *Western & Atlantic R. R. Co.* v. *White Provision Co.*, 142 Ga. 246.)

It is provided in section 22 of the Interstate Commerce Act (24 U. S. Stat. at Large, 387, § 22, as amd. by 25 id. 862, § 9) " and nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies."

Under this provision it has been repeatedly decided that courts have jurisdiction in all actions where they had jurisdiction at common law where the questions at issue do not involve matters within the exclusive control of the Interstate Commerce Commission. (12 C. J. 132, § 197, and cases cited.)

The question involved in this case has never before been presented to any court in this State. It has, however, been passed upon by courts of other jurisdictions. In all the cases where it has been involved the decision has been in accordance with the contention of the respondent. (*Empire Refineries, Inc.*, v. *Guaranty Trust Co.*, 271 Fed. Rep. 668; *Francesconi & Co.* v. *Baltimore & O. R. Co.*, 274 id. 687; *Gustafson* v. *Michigan Central R. R. Co.*, 296 Ill. 41; certiorari denied, 256 U. S. 698.)

The judgment should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.